**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DYLAN CLARK,**

                                  **CASE NO.:  6:16-cv-2037-Orl-40DCI**

                **Plaintiff,**

**vs.**

**ADVANCE AUTO LOCKSMITH,**
**INC., Darren Dent, and Richard**
**Wilkinson,**

                **Defendants.**

_____/

**<u>FOURTH JOINT MOTION FOR APPROVAL OF THE FLSA SETTLEMENT</u>**
**<u>AND INCORPORATED MEMORANDUM OF LAW</u>**

        Plaintiff, Dylan Clark, and Defendants, Advance Auto Locksmith, Inc., Darren Dent, and Richard Wilkinson (herein collectively as "Defendant"), by and through its undersigned counsel, and pursuant to Local Rule 3.01(g), jointly move this honorable Court to approve the FLSA Settlement, and the Settlement Agreement, reached by the Parties, and state as follows:

        1.      This action arose pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*

        2.      Plaintiff is a former employee of Defendant.

        3.      Subsequent to Plaintiff's employment ending with Defendant, Plaintiff, through counsel, filed his lawsuit against Defendant, alleging he is owed wages for unpaid overtime compensation pursuant to the Fair Labor Standards Act ("FLSA").

4.      Defendant denies Plaintiff's claim for unpaid overtime, and asserts that Plaintiff was properly compensated for all hours worked while employed for Defendant, including that Defendant was exempt from having to pay Dylan Clark an overtime rate for hours in excess of forty (40) per work week.

5.      The Parties, after exchanging sufficient information for both sides to make informed decisions, agreed to a settlement of this matter.

6.      To avoid the risk and expense of continued litigation, Defendant and Plaintiff have successfully come to a resolution of Plaintiff's FLSA claims.  A copy of the Parties' Settlement Agreement is attached to this Motion as **Exhibit A** (hereinafter referred to as the "Agreement").

7.      A summary of revisions to the Parties' Settlement Agreement, attached as Exhibit A, in response to this Court's February 28, 2018 (Doc. 52) and January 3, 2018 (Doc. 49) Orders, is found below in the MEMORANDUM OF LAW, section B, below.

8.      The Agreement is intended to resolve any and all potential wage claims (including overtime compensation claims) that Plaintiff may have related to his former employment with Defendant.

9.      The language in the Agreement is limited in scope to only address potential wage claims related to Plaintiff's former employment with Defendant.

10.      As described more fully below, the Parties agree that they have come to a fair and reasonable settlement of a bona fide dispute as to Plaintiff's FLSA claims, and seek Court approval of their Agreement.

## MEMORANDUM OF LAW

### A.      Standard of Review

2

Plaintiff's Complaint alleges a claim for unpaid wages/overtime pursuant to the FLSA. In *Lynn's Foods Stores, Inc. v. U.S. Department of Labor*, the Court held, "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees." 679 F. 2d 1350, 1352 (11th Cir. 1982). "First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them." *Id*. at 1353. Alternatively, under section 216(b), when an employee brings "a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id*. at 1353.

    (1)    Before approving a FLSA settlement, the Court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1355. If the settlement "reflect[s] a reasonable compromise over issues … that are actually in dispute; [the Court may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354. In determining whether the settlement is fair and reasonable, the Court should consider the following factors: the existence of fraud or collusion behind the settlement;

    (2)    the complexity, expense, and likely duration of the litigation;

    (3)    the stage of the proceedings and the amount of discovery completed;

    (4)    the probability of plaintiff's success on the merits;

    (5)    the range of possible recovery; and,

    (6)    the opinions of the counsel.

*See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F. 3d 1527, 1531 n.6 (11th Cir. 1994). In considering these factors, the Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton v. Frito-Lay, Inc.*, Case No. 605-cv-592-ORL-22JGG, 2007 WL 328792 * 2 (M.D. Fla. Jan. 8, 2007) (citing *Cotton v. Hinton*, 559 F. 2d

1326, 1331 (5th Cir. 1977)). In addition, the Court must also assess the reasonableness of the amount of consideration being allocated for attorneys' fees in the Agreement. *See Teddy Torres Colon v. Kissimmee B-Logistic Service, Inc.*, Case No. 6:15-cv-733-Orl-40KRS, 2016 WL 3147583 (M.D. Fla. May 16, 2016); *Charfaoui v. Koher Gourmet, Inc.*, Case No.: 6:15-cv-1379-Orl-41KRS, 2016 WL 1377739 (M.D. Fla. February 4, 2016).

### B. The Concerns Raised by this Court in its previous Orders is Addressed by the Revised Release Attached to this Motion

In its February 28, 2018 (Doc. 52) and January 3, 2018 (Doc. 49) Orders, this Court raised several defects in Plaintiff and Defendant's Joint Motion and proposed Settlement Stipulation. These defects have been cured by virtue of this Third Joint Motion explaining the revisions made in the attached proposed Stipulation.

### 1. Amount to Be Distributed is Clarified

The revised agreement contains a breakdown of the settlement proceeds, and how such shall be allocated. It explains that seven thousand dollars ($7,000.00) and seven thousand dollars ($7,000.00) shall be allocated to Mr. Clark for the FLSA wage and liquidated claim damages, respectively, claimed in the Complaint (Doc. 1); one thousand dollars ($1,000.00) shall be allocated to Mr. Clark as settlement of his claim for retaliation; and three thousand dollars ($3,000.00) shall be allocated to Mr. Clark and Grossman Law, P.A., as payment of Mr. Clark's reasonable attorneys fees and costs pursuant to 29 U.S.C. § 216(b).

### 2. Scope of Settlement Sufficiently Narrowed

It both Order, this Court found previous agreements defective because they included release of FLSA claims which fall outside the claims at issue in the instant action, as the 11th Circuit has found difficulty in properly analyzing the fairness or value of resolving such

"unknown" claims.  As such, the Stipulation narrows its scope to FLSA claims raised in the instant action.

### 3.   Mention of the "FMWA" Has Been Removed

The two references to the Florida Minimum Wage Act ("FMWA") has been removed.

### 4.   Resolution of Retaliation Claim

The attached Stipulation allocated $1,000.00 as consideration in resolution of Plaintiff's claim for retaliation, which constitutes a fair and reasonable amount.  Defendant denies that it retaliated against the Plaintiff, and asserts the minor employment changes made by the Defendant were for business purposes, and were unrelated to Plaintiff's claim for wages.  Defendant also asserts that none of the alleged changes resulted in Plaintiff receiving any less money than he was earning before any alleged changed were made.

### C.   The Parties' Resolution of Plaintiff's FLSA Claims are a Fair and Reasonable Resolution of a Bona Fide Dispute and Should be Approved by the Court

The Parties' resolution of Plaintiff's FLSA claims contained in Plaintiff's Complaint is a fair and reasonable resolution of a bona fide dispute and should be approved by the Court.  Each of the factors set out in *Leverso* weighs in favor of approving the Agreement.

### i. No Fraud or Collusion

Courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the plaintiff seemed fair. *See Hamilton v. Frito-Lay, Inc.*, Case No. 605-cv-592-ORL-22JGG, 2007 WL 328792 * 4 (M.D. Fla. Jan. 8, 2007); *Helms v. Central Fla. Reg. Hosp.*, Case No. 605-cv-592-ORL-22JGG, 2006 WL 3858491 * 4 (M.D. Fla. Dec. 21, 2006).  Here, each party is independently represented by counsel.

Plaintiff is represented by Michael L. Grossman of Grossman Law, P.A. and Defendant is represented by Juliette Koves, Esquire of de Beaubien Simmons Knight Mantzaris & Neal LLP.  All counsel involved have experience in litigating FLSA claims, including claims for unpaid overtime compensation. Each counsel was obligated to and did vigorously represent their clients' rights.

ii. <u>Complexity, Expense and Likely Duration of Litigation</u>

The complexity, expense, and length of future litigation weighs in favor of this settlement.  Plaintiff and Defendant continue to disagree over the merits of Plaintiff's FLSA and claims.  The Parties are resolving this matter to avoid the risk and expense involved in lengthy, fact intensive litigation.

iii. <u>Stage of Proceedings</u>

The stage of the proceedings and the amount of discovery completed weighs in favor of this settlement.  The Parties exchanged information subsequent to Plaintiff filing his lawsuit.

iv. <u>Dispute About Probability of Plaintiff's Success On the Merits</u>

The ongoing dispute about the probability of Plaintiff's success on the merits weighs in favor of this settlement.  As indicated above, the Parties continue to disagree over the merits of the FLSA claim asserted in Plaintiff's Complaint.  During settlement negotiations, counsel for the Parties referenced and exchanged numerous legal authorities discussing whether Plaintiff was exempt from the FLSA's overtime provisions.

v. <u>Dispute About Possible Range of Recovery</u>

The Parties dispute the range of possible recovery by Plaintiff, as numerous issues remain in dispute.  As indicated above and contained in the pleadings, Defendant disputes

that Plaintiff's position was not exempt from the FLSA overtime provisions, specifically that the Plaintiff satisfied the "outside sales" exemption provisions of the FLSA. While not an exclusive list of the disputes in this case, the above example of the disputes between the Parties exemplify the disputed range of Plaintiff's possible recovery in this matter, and therefore weigh in favor of the mutually agreed upon settlement in this matter.

In addition, the payment in the Agreement being allocated to Plaintiff's FLSA claims is fair and reasonable, and more than Defendant contends Plaintiff would be able to receive should Plaintiff continue with the litigation in this matter. During the exchange of information, Plaintiff alleged that he worked certain hours and Defendant provided Plaintiff with information supporting Defendant's position that Plaintiff did not work the hours he alleged he worked. The Parties discussed at length the possibility of Plaintiff working the hours Plaintiff alleged he worked.

The Agreement allocates a settlement amount which is both fair and reasonable for the allegations of the Plaintiff. The amount allocated for Plaintiff's statutory attorney's fees and costs is less than 20% of the total recovery, and represents a reasonable lode star amount for the amount of time necessitated by the instant matter.

Given the good faith disputes between the Parties, and the disputed range of possible recovery by Plaintiff, the Parties agree that this settlement is a fair and reasonable resolution of a bona fide FLSA dispute.

vi. Opinion of the Counsel

The opinion of the counsel for the Parties weighs in favor of this settlement. Counsel for both Parties agree this settlement is a fair and reasonable resolution of a bona fide FLSA

dispute.  The settlement of Plaintiff's FLSA claim takes into consideration the various risks for both Parties and the significant expense associated with continued litigation.

The Parties also stipulate that that the allocation of attorneys' fees being awarded to Plaintiff's counsel in the Agreement is fair and reasonable based on the complex disputed issues in this case, and were separately negotiated by the Parties without regard to the amount paid to settle the FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 122 (M.D. Fla. 2009).

For all of these reasons the Agreement constitutes a fair and reasonable resolution of a bona fide dispute and should be approved by the Court.

### D.     The Parties' Resolution of Plaintiff's FLSA Claims are a Fair and Reasonable Resolution of a Bona Fide Dispute and Should be Approved by the Court

The Settlement Amounts and Terms are illustrated in the settlement agreement, attached as "Exhibit A".  Plaintiff contends that  his position was not exempt from overtime. Defendant contends Plaintiff falls within the "outside sales" exemption of the FLSA. Defendant contends that Plaintiff is entitled to nothing, as he was properly compensated for all hours worked.  Defendant asserts that Plaintiff's unliquidated recovery would be far, far less than this amount, including, without limitation a set-off against the compensation Plaintiff sought.  Finally, Defendant contends Plaintiff would not be entitled to liquidated damages even if he were to prevail because Defendant's actions were in good faith based on information it received and understood from third parties and its understanding of the law.

The Parties agree there are numerous bona fide disputes present in the instant case. The settlement represents a reasonable compromise of all *bona fide* disputes in light of the risks inherent to both Plaintiff and Defendant if this claim were to be litigated through a jury

trial.  Plaintiff would risk recovering less than he will recover as part of this settlement, and possibly nothing at all.  Defendant would risk an adverse judgment for an amount roughly double the settlement sum to be paid to Plaintiff.

## CONCLUSION

The settlement comprises a fair, reasonable and adequate resolution to *bona fide* disputes present in the instant case.  Accordingly, the Parties respectfully request that this honorable Court enter an Order:  (i) GRANTING this Joint Motion for Approval of the Revised FLSA Settlement; (ii) APPROVING the Settlement Agreement (attached as Exhibit A) in its entirety  and, (iii) DISMISSING Plaintiff's Complaint with prejudice.

Dated this 11th day of April, 2018.

Respectfully submitted

*/s/ Michael L. Grossman, Esq.___*          */s/ Juliette M. Koves  _____*
Michael L. Grossman, Esq.                    Juliette M. Koves
Florida Bar No.  83536                       Florida Bar No.: 963453
Grossman Law, P.A.                           jkoves@dsklawgroup.com
Post Office Box 2591                         DSK Law, LLC
Orlando, Florida 32802                       332 N. Magnolia Ave.
Telephone: (407) 627-9909                    Orlando, Florida 32801
Email:  MGrossman@GrossmanLaw.law            Telephone: (407) 422-2454
*Attorney for Plaintiff*                     Facsimile: (407) 849-1845
                                             *Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on April 11, 2018, a true and correct copy of the foregoing has been electronically filed with the Clerk of Court by using the CM/ECF system which will send an electronic notice to: Michael L. Grossman, Esq. (MGrossman@GrossmanLaw.law; plegrossmanlaw@gmail.com), Grossman Law, P.A., Counsel for Defendant, Post Office Box 2591, Orlando, FL  32802.  I further certify that a copy of the foregoing document was

served via electronic mail to Juliette M. Koves, Esq. (jkoves@dsklawgroup.com), Grossman

Law, P.A. on April 11, 2018.

 **/s/ Michael L. Grossman**
Michael L. Grossman, Esq.